Julie A. Goerlinger (SBN: 282468)
julie@goerlingerlaw.com
GOERLINGER LAW APC
30442 Esperanza
Rancho Santa Margarita, CA 92688
(714)925-3989

Attorneys for Defendants JOHN PIERCE LAW P.C.
and JOHN PIERCE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LINDSAY OLSON,<br><br>Plaintiff,<br><br>v.<br><br>JOHN PIERCE LAW P.C. and JOHN PIERCE<br><br>Defendants. | Case No. 2:25−cv−12426 MEMF (JDEx)<br><br>Assigned to:<br>Hon. Maame Ewusi-Mensah Frimpong<br>United States District Judge<br><br>Referred to: Hon. John D. Early<br>United States Magistrate Judge<br><br>**DEFENDANTS JOHN PIERCE LAW P.C. AND JOHN PIERCE'S ANSWER TO COMPLAINT;**<br><br>**AFFIRMATIVE DEFENSES;**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date: None Set |

Defendants John Pierce Law P.C. and John Pierce (collectively, "Defendants"), by and through their undersigned counsel, hereby answer the Complaint of Plaintiff Lindsay Olson ("Plaintiff") and assert their affirmative defenses as follows. Except as expressly admitted herein, Defendants deny each and every allegation of the Complaint. The headings used in the Complaint are repeated herein for organizational reference only; Defendants do not admit any allegation, characterization, or legal conclusion contained in any heading, and to the extent a response is required, all such headings are denied.

## I. INTRODUCTION

1. Defendants deny the allegations contained in this paragraph.
2. Defendants admit only that Plaintiff purports to have authored a written report titled "Multi-District Comparative Community Attitude Study" in or about April 2022. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.
3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.
4. Defendants admit only that John Pierce Law P.C. represented Michael Leon Brock, and that, on information and belief, Mr. Brock was charged in connection with events at the United States Capitol on January 6, 2021 and was later pardoned. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.
5. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.
6. Defendants deny the allegations contained in this paragraph.

## II. PARTIES

7. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

8. Defendants admit that John Pierce Law P.C. is an entity. Defendants further respond that the allegations regarding the entity's precise address are immaterial, and except as expressly admitted, deny the remaining allegations.

9. Defendants admit that John Pierce is an attorney associated with John Pierce Law P.C. Except as expressly admitted, Defendants deny the remaining allegations, including any allegation purporting to establish personal liability of John Pierce.

10. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## III. JURISDICTION AND VENUE

11. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

12. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

13. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

14. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants do not contest that venue is proper in this District for purposes of this action only, and otherwise deny the allegations.

15. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## IV. FACTUAL ALLEGATIONS

16. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

18. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

20. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

23. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

27. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

29. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

31. Defendants admit only that a motion was filed in United States v. Brock, No. 1:21-cr-500 (D.D.C.), and that the docket reflects the filing referenced. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining characterizations, including the allegations of “pirating” or unlawful “exploitation,” and on that basis deny them.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

33. Defendants deny the allegations contained in this paragraph.

34. Defendants deny the allegations contained in this paragraph.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

36. Defendants deny the allegations contained in this paragraph.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

39. Defendants deny the allegations contained in this paragraph.

40. Defendants deny the allegations contained in this paragraph.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

42. Defendants deny the allegations contained in this paragraph.

43. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

44. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

45. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

46. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

47. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

48. Defendants deny the allegations contained in this paragraph, including any allegation that Defendants were "enriched" by, or saved expenses through, any use of the Report. Defendants further state that the referenced "Klein" matter appears to be an erroneous reference.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

50. Defendants deny the allegations contained in this paragraph.

51. Defendants deny the allegations contained in this paragraph.

52. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

54. Defendants admit only that the docket text quoted in this paragraph appears on the public docket as quoted. Except as expressly admitted, Defendants deny the remaining allegations and characterizations.

55. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

56. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny them.

57. Defendants deny the allegations contained in this paragraph.

58. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

59. Defendants deny the allegations contained in this paragraph.

60. Defendants admit only that counsel for Plaintiff transmitted a letter dated October 2, 2025. Except as expressly admitted, Defendants deny the remaining allegations and characterizations contained in this paragraph.

61. Defendants deny the allegations contained in this paragraph.

62. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

63. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

64. Defendants deny the allegations contained in this paragraph.

65. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

66. Defendants deny the allegations contained in this paragraph.

67. Defendants deny the allegations contained in this paragraph.

68. Defendants deny the allegations contained in this paragraph.

69. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

70. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

71. The allegations contained in this paragraph state legal conclusions and characterize judicial decisions that speak for themselves, to which no response is required. To the extent a response is required, Defendants deny the allegations, deny that any cited decision is binding or controlling here, and deny that fair use is inapplicable.

72. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

73. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

74. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

75. Defendants deny the allegations contained in this paragraph.

76. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

77. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

/ / /

## V. ANSWER TO CAUSES OF ACTION

## COUNT 1: COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 et seq.)

78. Defendants incorporate by reference their responses to all preceding paragraphs as though fully set forth herein.

79. Defendants admit only that Plaintiff purports to claim a copyright registration in the referenced April 2022 report. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

80. Defendants admit only that Plaintiff alleges a registration number and effective registration date of December 8, 2022. Except as expressly admitted, Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations and, on that basis, deny them.

81. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

82. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

83. Defendants deny the allegations contained in this paragraph. Defendants specifically deny any allegation of knowing, reckless, or willful conduct, and further note that this paragraph refers to a "Photo," which appears to be an erroneous reference.

84. Defendants deny the allegations contained in this paragraph.

85. Defendants deny the allegations contained in this paragraph.

86. Defendants deny the allegations contained in this paragraph.

87. Defendants deny the allegations contained in this paragraph.

88. Defendants deny the allegations contained in this paragraph.

89. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

90. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

91. Defendants deny the allegations contained in this paragraph.

92. The allegations contained in this paragraph state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VI. JURY TRIAL DEMAND

93. This paragraph contains a demand for jury trial to which no response is required.

[*The remainder of the complaint consists of a prayer for relief, to which no response is required*.]

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, and reserving the right to amend or supplement these defenses as discovery proceeds, Defendants assert the following affirmative and additional defenses:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

The Complaint, and each purported claim for relief therein, fails to state a claim upon which relief can be granted, including but not limited to the failure to plead facts sufficient to establish copyright infringement, willfulness, or any cognizable measure of damages.

/ / /

/ / /

**SECOND AFFIRMATIVE DEFENSE**

**Fair Use**

Any use of the referenced report was a fair use under 17 U.S.C. § 107. The use was made in connection with a judicial proceeding, for an evidentiary and adjudicative purpose in support of a criminal defendant's motion implicating constitutional fair-trial and venue rights; the work is substantially factual and analytical in nature; and any such use did not cause cognizable harm to any legitimate market for the work.

**THIRD AFFIRMATIVE DEFENSE**

**No Cognizable or Established Market; Absence of Market Harm**

Plaintiff's claims fail to the extent they rest on a circular or self-defined licensing market—namely, a market consisting solely of licensing the work for the very use challenged—which is not a cognizable market under controlling authority. Plaintiff has not established any traditional, reasonable, or likely-to-be-developed market harmed by the alleged use, and any claimed market has been further diminished or extinguished by intervening events.

**FOURTH AFFIRMATIVE DEFENSE**

**Innocent Infringement – 17 U.S.C. § 504(c)(2)**

To the extent any infringement occurred, which Defendants deny, it was innocent within the meaning of 17 U.S.C. § 504(c)(2). Defendants were not aware and had no reason to believe that their acts constituted an infringement of copyright, including because the work as it appeared bore no copyright notice, registration number, or other indicia of a claimed copyright. Any award of statutory damages should accordingly be reduced to the statutory minimum.

**FIFTH AFFIRMATIVE DEFENSE**

**Absence of Copyright Notice**

The work as encountered and as filed bore no copyright notice. Defendants' lack of notice that the work was claimed as copyrighted bears on, and defeats,

Plaintiff's allegations of willfulness and supports the limitation or elimination of enhanced and statutory damages.

## SIXTH AFFIRMATIVE DEFENSE

### Limitation on Statutory Damages and Attorney's Fees – 17 U.S.C. § 412

Plaintiff's claims for statutory damages and attorney's fees are barred or limited by 17 U.S.C. § 412 to the extent any alleged infringement commenced before the effective date of registration and registration was not made within three months after first publication of the work.

## SEVENTH AFFIRMATIVE DEFENSE

### No Willful Infringement

Plaintiff is not entitled to enhanced statutory damages because any alleged infringement was not willful. Defendants did not act with knowledge, reckless disregard, or willful blindness with respect to any copyright in the work, and the Complaint pleads no facts sufficient to establish willfulness.

## EIGHTH AFFIRMATIVE DEFENSE

### No Individual Liability – John Pierce

The Complaint fails to allege facts sufficient to impose individual liability on John Pierce. The Complaint does not plead that John Pierce personally engaged in, directed, supervised, materially contributed to, or derived any direct financial benefit specific to the alleged infringing conduct, as distinct from the entity, and the claims against him individually fail as a matter of law.

## NINTH AFFIRMATIVE DEFENSE

### Thin Copyright / Unprotectable Subject Matter

The work is substantially comprised of facts, data, ideas, methods, and conclusions that are not protectable under copyright law, and any protection is "thin," limited to original selection, coordination, arrangement, and expression. Plaintiff cannot establish infringement of protectable expression.

**TENTH AFFIRMATIVE DEFENSE**

**Failure to Mitigate; Limitation of Damages**

Plaintiff's recovery, if any, is barred or limited by Plaintiff's failure to mitigate damages and by the absence of any actual damages or attributable profits. Any damages must be limited to those cognizable and proven under 17 U.S.C. § 504.

**ELEVENTH AFFIRMATIVE DEFENSE**

**License / Public Filing / Exhaustion**

Plaintiff's claims are barred or limited to the extent the work was authorized for public filing, was made publicly available on the federal court docket, and to the extent any applicable doctrine of license, implied license, or exhaustion applies to the copy at issue.

**TWELFTH AFFIRMATIVE DEFENSE**

**Statute of Limitations**

Plaintiff's claims are barred or limited to the extent they fall outside the applicable limitations period under 17 U.S.C. § 507(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

**Equitable Estoppel for Inducement or Inaction**

On information and belief, Plaintiff knew, should have known, or was willfully blind to the facts relating to the distribution of the work whereby the plaintiff induced its free distribution or failed to take reasonable action to stop such distribution.

Defendants were ignorant of the true facts of Plaintiff's inducement, inaction, and other conduct.

Defendants relied upon Plaintiff's inducement, inaction, and other conduct to its injury.

/ / /

/ / /

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Unclean Hands**

The allegations of the thirteenth affirmative defense are incorporated here by reference.

To the extent that Plaintiff or her agents actively induced the dissemination of The work, so as to then sue for infringement, that also amounts to unclean hands by Plaintiff.

On information and belief, Plaintiff's inducement of infringement of the Copyright-in-Suit was a transgression of serious proportions that relates directly to the subject matter of this infringement action.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Implied License**

The allegations of the thirteenth affirmative defense are incorporated here by reference.

To the extent that Plaintiff or her agents actively induced the dissemination of he work, or failed to take reasonable action to stop such dissemination, Plaintiff's conduct and representations give rise to an implied license granted by Plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**Incorrect Information Included in Copyright Registration Application**

[17 U.S.C. § 411(b)]

On information and belief, Plaintiff included inaccurate information on Plaintiff's application for copyright registration with knowledge that it was inaccurate.

On information and belief, the inaccuracy of the information, if known, would have caused the Register of Copyrights to refuse registration.

/ / /

/ / /

/ / /

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**Knowledge, Consent, and Acquiescence**

On information and belief, Plaintiff's claims are barred in whole or in part by Plaintiff's knowledge, consent, and acquiescence, with respect to the alleged infringement, which Plaintiff was aware of and in fact took steps to help facilitate.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**Misuse of Copyright**

On information and belief, Plaintiff's claims are barred in whole or in part because Plaintiff's tactics of permitting or inducing—and then aggressively policing—infringements constitute copyright misuse. The defense of misuse "need not even be grounded in anti-competitive behavior, and extends to any situation implicating 'the public policy embodied in the grant of a copyright.'" *Disney Enters., Inc. v. Redbox Automated Retail, LLC*, No. 17-cv-08655-DDP(AGRx), slip op. at 16-17 (C.D. Cal. Feb. 20, 2018) (order denying motion for preliminary injunction) (quoting *Omega S.A. v. Costco Wholesale Corp.*, 776 F.3d 692, 699-700 (9th Cir. 2015) (Wardlaw, J. concurring)).

The underlying policy of copyright law's "statutory monopoly" recognizes that "private motivation must ultimately serve the cause of promoting broad public availability of literature, music, and the other arts." *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975). While fabric copyright plaintiffs enjoy a limited monopoly over their designs, the use of infringement lawsuits as a business model reduces the choices available to consumers of apparel, frustrating the policy goals of copyright.

**NINETEENTH AFFIRMATIVE DEFENSE**

**Failure to Join Real Party in Interest**

[Fed R. Civ. P. 17]

The complaint is subject to dismissal because the plaintiff has failed to join the real parties in interest, namely the owners of the copyrights for the works in suit.

**TWENTIETH AFFIRMATIVE DEFENSE**

**Lack of Standing**

[Fed. R. C. P. 12(b)(1)]

The complaint is subject to dismissal because the plaintiff lacks standing to sue.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

**Failure to Join a Party Under Rule 19**

[Fed. R. Civ. P. 12(b)(7)]

On information and belief, Plaintiff may have failed to join a required party, however, the identity of such a party is presently unknown to Defendant.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

**Intervening Acts**

On information and belief, Plaintiff's claims are barred in whole or in part because the damages complained of were the result of intervening actions of others and were not proximately caused by the actions or omissions of Defendant.

**ADDITIONAL DEFENSES**

**Reservation of Additional Defenses**

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether additional, as-yet-unstated affirmative defenses are available. Defendants reserve the right to assert additional affirmative defenses that may become available or apparent during discovery and to amend their Answer accordingly.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint and that the Complaint be dismissed with prejudice;
2. That judgment be entered in favor of Defendants on all claims;

3. That the Court deny Plaintiff's requests for statutory damages, enhanced damages, injunctive relief, and disgorgement;
4. That Defendants be awarded their costs and attorney's fees as permitted by law, including under 17 U.S.C. § 505; and
5. That the Court grant such other and further relief as it deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

GOERLINGER LAW APC

DATED: May 28, 2026

BY: *<u>/s/ Julie A. Goerlinger</u>*
Julie A. Goerlinger
Attorneys for Defendants
JOHN PIERCE LAW P.C. and
JOHN PIERCE